UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIA COPPER,

        Plaintiff,
 v.               **DECISION AND ORDER**
                     10-CV-145S
GLOBAL CHECK & CREDIT SERVICES, LLC,

        Defendant.

## I. INTRODUCTION

On February 22, 2010, Plaintiff filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Defendant failed to appear and defend this action, which resulted in the Clerk of the Court entering default on May 11, 2010. Presently before this Court is Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1] For the following reasons, Plaintiff's motion is granted.

## II. BACKGROUND

Plaintiff Julia Copper incurred a consumer debt that Defendant Global Check & Credit Services, LLC ("Global"), attempted to collect. (Complaint, Docket No. 1, ¶¶ 3, 5.) Global is a "debt collector" within the meaning of the FDCPA. (Id. at ¶ 5.)

Plaintiff's complaint contains scant factual allegations. Copper asserts that representatives from Global communicated to her daughter more than once that she (Copper) owed a debt and told her daughter that Global representatives would come to

---

[1]The submissions relating to this motion are filed at docket number 6.

1

Copper's house to make her (Copper) sign an affidavit if she did not pay her debt. (Complaint, ¶¶ 11, 12, 14(b).) Copper also asserts that Global never sent her a debt validation letter. (Complaint, ¶ 13.)

## III. DISCUSSION

### A. Default Judgment Standard

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. See FED. R. CIV. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

### B. Liability

Copper asserts that Global's conduct violates several provisions in the FDCPA.

2

Based on the undisputed facts taken as true, this Court concurs.

Global violated the FDCPA by disclosing Copper's debt to her daughter. Section 1692b limits a debt collector's contact with third parties to acquiring location information. And except as provided in § 1692b, § 1692c (b) limits the individuals a debt collector may contact to the consumer, her attorney, a consumer reporting agency, the creditor, the creditor's attorney, and the debt collector's attorney. Global also violated § 1692g by failing to provide Copper proper notice of the debt.

Accordingly, liability under the FDCPA is established.

**C.    Damages**

Copper seeks only statutory damages. Section 1692k (a)(2)(A) authorizes up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k (b)(1).

Here, Global is deemed to have admitted calling Copper's daughter more than once, disclosing Copper's debt, and failing to provide Copper proper notice of her debt. Although these acts violate the FDCPA, they are not so persistent or egregious as to warrant the statutory maximum penalty. Given these circumstances, Copper will be awarded $250 in statutory damages, pursuant to § 1692k (a)(2)(A). See Estay v. Moren and Woods LLC, No. 09-CV-620A, 2009 WL 5171881, at *2 (W.D.N.Y. Dec. 22, 2009) (awarding plaintiff

3

$250 in statutory damages where defendant made harassing calls on more than one occasion, made empty threats of litigation, and improperly disclosed debt information to a third party); Fontana v. C. Barry & Assocs., LLC, 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sep. 4, 2007) (similar).

**D.    Attorney's Fees and Costs**

The FDCPA provides for the recovery of reasonable attorney's fees and costs by successful litigants. See 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").

In Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,[2] the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts. Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In particular, the court sought to reconcile the "lodestar" method of determining fees (the product of the attorney's usual hourly rate and the number of hours billed, subject to adjustment based on case-specific considerations to arrive at a "reasonable fee"), with the method developed in Johnson v. Georgia Highway Express, Inc.[3] (which considered twelve specific factors to arrive at the "reasonable fee"). Arbor Hill, 493 F.3d at 114. "Relying on the substance of both approaches, [the Second Circuit] set forth a standard that [it] termed the 'presumptively reasonable fee.'" Simmons, 575 F.3d at 174.

---

[2] 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by*, 522 F.3d 182 (2d Cir. 2008).

[3] 488 F.2d 714 (5th Cir. 1974).

District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill, 493 F.3d at 117.

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (citations and quotations omitted). After Arbor Hill, the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." 493 F.3d at 112, 118.

To arrive at that fee, district courts must also consider the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

Finally, a district court must consider that a client may be able to negotiate with his or her attorneys, based on their desire for the reputational benefits that could accrue from association with the case. Arbor Hill, 493 F.3d 119.

This method of reasonable fee calculation has been used in this district to determine

appropriate fees in FDCPA cases. See, e.g., Mostiller, 2010 WL 335023, at *4-*5; Estay v. Moren and Woods LLC, No. 09-CV-620A, 2009 WL 5171881, at *3-*4 (W.D.N.Y. Dec. 22, 2009); Dayton v. Northeast Fin. Solutions, NO. 09-CV-549A, 2009 WL 4571819, at *3 (W.D.N.Y. Dec. 7, 2009).

Here, Copper's lawyers, all of whom practice outside of this district, have submitted affidavits and detailed time records in support of their fee request of $2,620.61. Attorney Adam Hill claims 5.5 hours at $225 per hour; Attorney Michael Agruss claims 2.6 hours at $290 per hour; a paralegal claims 1.7 hours at $125 per hour. (See Docket No. 6-2.) Copper also seeks recovery of $416.61 in costs. (Id.)

The time expended for prosecution of this case appears reasonable. But the hourly rates claimed are excessive for this district. Because this case involves out-of-district counsel, this Court must consider the "forum rule" to determine reasonable fees. See Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC, No. 07-CV-284S, 2010 WL 456852, at *3-*4 (W.D.N.Y. Feb. 4, 2010). The "forum rule" dictates that courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee.'" Arbor Hill 493 F.3d at 119 (quoting In re "Agent Orange" Prod. Liability Litig., 818 F.2d 226, 232 (2d Cir. 1987). Unless it is established that a reasonable client would have selected out-of-district counsel because doing so would likely produce a substantially better result, the prevailing fee in the district is presumptively reasonable. See Simmons v. New York City Transit Auth., 575 F.3d 170, 175-176 (2d Cir. 2009).

Here, there has been no showing that retaining out-of-district counsel was necessary to likely produce a substantially better result. Nothing about this case

distinguishes it from the many other FDCPA cases filed in this district.  Accordingly, this Court finds that the prevailing rates in this district are presumptively reasonable.  Rates of $215 for a partner and $175 for an associate with experience and expertise in FDCPA cases have been approved in this district as reasonable hourly rates for cases of this kind.  See Mostiller, 2010 WL 335023, at *5; Miller v. Midpoint Resolution Group, LLC, 608 F.Supp.2d 389, 395 (W.D.N.Y. 2009.)

Given their experience, Hill and Agruss will be compensated at $175 per hour.  See Proctor v. PMR Law Group, No. 09-CV-1028S, 2010 WL 4174723, at *5 (W.D.N.Y. Oct. 24, 2010)(compensating Hill at $175 per hour); Taylor v. Morgan Stone & Assocs., LLC, No. 09-CV-827S, 2010 WL 1816675, at *5 (W.D.N.Y. May 4, 2010) (compensating Hill and Agruss each at $175 per hour).  The paralegal rate will be reduced to $75 per hour.  See Taylor, 2010 WL 1816675, at *5 (setting paralegal rate at $75 per hour); Disabled Patriots, 2010 WL 456852, at *6.

Accordingly, this Court awards $962.50 for Hill's 5.5 hours at $175 per hour, $455 for Agruss's 2.6 hours at $175 per hour, and $127.50 for the paralegal's 1.7 hours at $75 per hour, for a total fee award of $1,545.  This Court finds $1,545 to be a presumptively reasonable fee given the facts and circumstances of this case.  Further, this Court finds reimbursement of the $416.61 in costs to be proper.

### IV.  CONCLUSION

For the foregoing reasons, Copper's Motion for Default Judgment is granted. Copper is awarded $250 in statutory damages, $1,545 in attorney's fees, and $416.61 in costs, for a total award of $2,211.61.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 6) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of Plaintiff against Defendant in the amount of $2,211.61, with apportionment consistent with the foregoing decision.

FURTHER, that the Clerk of the Court shall close this case upon entry of judgment.

SO ORDERED.

Dated:     December 28, 2010
               Buffalo, New York

                                               /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                               Chief Judge
                                               United States District Judge